```
          UNITED STATES DISTRICT COURT
             DISTRICT OF NEW JERSEY
```

```
   UNITED STATES OF AMERICA        1:12-cr-00100-NLH

        v.                         MEMORANDUM OPINION
                                   AND ORDER
   NESTOR TREMINIO
```

**APPEARANCES**:

JASON M. RICHARDSON
OFFICE OF THE U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NJ 08101

    On behalf of the United States of America

NESTOR TREMINIO
#64150-050
MOSHANNON VALLEY
CORRECTIONAL INSTITUTION
555 Geo Drive
Philipsburg, PA 16866

    Defendant appearing *pro so*

**HILLMAN, District Judge**

    WHEREAS, this matter having come before the Court by the May 1, 2017 motion of Defendant, Nestor Treminio, appearing *pro se*, filed by the Clerk as a "Motion and Notice for Speedy Trial by the 18 USC 3161" (Docket No. 20); and

    WHEREAS, this matter having been reassigned to the

undersigned on November 8, 2019; and

WHEREAS, as of May 1, 2017 Treminio was a convicted federal defendant having been sentenced by the Hon. Jerome B. Simandle on November 29, 2012 to term of incarceration of 9 months and 3 years of supervised release for a violation of 18 U.S.C. 1542 (false statement on passport application) such sentence to run "consecutively to the defendant's imprisonment under any previous state or federal sentence." (Docket No. 16, p. 2); and

WHEREAS, a close examination of Defendant's motion reveals that he is not seeking relief under the Speedy Trial Act at all as he had already been convicted and sentenced after a guilty plea before Judge Simandle, but rather that he objected to his release under state parole to the custody of federal authorities on a federal detainer to begin serving his federal sentence after having paroled by state authorities on a previous state charge (as well be released on state parole to an immigration detainer), Defendant contending he should not be subject to consecutive state and federal sentences; and

WHEREAS, it appears that Defendant's release on state parole to federal custody to serve his 9 month federal sentence was precisely what Judge Simandle intended and ordered in his November 29, 2012 Judgment in a Criminal Case; and

WHEREAS, it appears that Defendant was released from federal custody on December 8, 2017 after service of his federal

sentence and thereafter immediately deported from the United States and is not known to this Court to have subsequently reentered the United States; and

WHEREAS, although Defendant is no longer in federal custody his federal release date is used to compute his term of supervised release which ends December 8, 2020 and therefore Defendant's motion is not moot if there is any merit to Defendant's claim that he should have served concurrent sentences; and

WHEREAS, the ability of a sentencing court to amend a previously imposed sentence is limited by statute and may only occur under certain limited and extraordinary circumstances, see 18 U.S.C. 3582; and

WHEREAS, Defendant has provided no argument or grounds as to why the original Judgment in this matter was illegal or should now be modified other than random citation to irrelevant state statues and an expressed desire to serve concurrent sentences rather than consecutive ones; and

WHEREAS, the Court having reviewed the record and seeing no independent reason to alter Judge Simandle's original Judgment to the extent it has the discretion to do so; and

WHEREAS, to the extent Defendant's motion could be construed as a challenge under 28 U.S.C. 2241 to a Bureau of Prison's determination not to designate Defendant's state

3

facility for service of his federal sentence *nunc pro tunc*, such a claim must first be exhausted, see Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996), and nothing in Defendant's motion suggests he exhausted his administrative remedies to challenge such a determination if such a determination was ever made nor does the petition indicate that this Court has jurisdiction over such a petition because Defendant is housed in the District of New Jersey;[1]

THEREFORE, for good cause shown,

IT IS on this __14th__ day of __November__, 2019

ORDERED that Defendant's motion [20] be, and the same hereby is, DENIED.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[1] Indeed, it appears that at the time of the filing of his motion, Defendant was housed in a Federal Bureau of Prison's facility located in Philipsburg, PA. (Docket No. 20-2). Defendant does not appear to have updated his address with the Clerk. The Clerk is hereby directed to send a copy of this Order by regular mail to the address on the envelope used to mail the motion to the Court, which is Defendant's last known address in the United States.